```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF NORTH CAROLINA
                        NORTHERN DIVISION
                         No. 2:09-CR-3-1H
                         No. 2:12-CV-2-H
```

MICHAEL EUGENE THRASH,            )
                                  )
        Petitioner,               )
                                  )
                                  )
                                  )
                                  )           **ORDER**
    v.                            )
                                  )
                                  )
                                  )
UNITED STATES OF AMERICA,         )
        Respondent.               )
                                  )

This matter is before the court on the government's motion to dismiss petitioner's motion to vacate pursuant to 28 U.S.C. § 2255. Petitioner has responded, the government has replied, and petitioner has filed a sur-reply. These matters are ripe for adjudication.

### **BACKGROUND**

Petitioner was charged in an indictment with conspiracy to distribute and possess more than 50 grams of cocaine base and 500 grams of powder cocaine, along with four additional substantive counts of drug trafficking. Pursuant to a written plea agreement, petitioner entered a plea of guilty to the conspiracy count (Count One) and the remaining counts were dismissed.

At his first sentencing hearing on August 11, 2009, petitioner was granted new counsel. At his second hearing on October 13, 2009, he again requested new counsel, but his request was denied; however, he was granted a continuance of the sentencing hearing. On November 9, 2009, petitioner asked to withdraw his plea on the basis that he had been misled by his attorney. That requested was also denied.

Petitioner objected to the three-level enhancement for being a supervisor/manager and for the drug quantity attributed to him in the Presentence Report ("PSR") and persisted in those objections even after the court warned him that doing so might result in the loss of his acceptance of responsibility. After hearing testimony from the case agent, the court overruled petitioner's objection to drug quantity, but allowed in part the objection to leadership role, reducing the enhancement from 3 points to 2. However, based upon petitioner's conduct at sentencing, the court struck the three-level decrease for acceptance of responsibility. Additionally, the government withdrew a 5k1.1 motion it had previously filed. The court then sentenced the petitioner to a term of imprisonment of 210 months, the bottom of the established advisory Guidelines range.[1]

---

[1] The court notes that the PSR as originally drafted calculated an advisory Guideline range of 168 to 210 months and the government had filed a 5k1.1 motion. Petitioner's loss of the 5k motion and the 3 level acceptance of responsibility reduction resulted in the bottom of the guideline range being 210 months.

2

Petitioner appealed his conviction and sentence, arguing that the plea agreement had been breached when he lost his acceptance of responsibility and substantial assistance reductions. The Fourth Circuit affirmed, finding petitioner's plea agreement to be valid and no breach to have occurred. United States v. Thrash, No. 09-5079 (4th Cir. Feb. 16, 2011). The Fourth Circuit denied petitioner's petition for rehearing on March 22, 2011. Petitioner then filed the instant motion to vacate on January 18, 2012, asserting that his counsel was ineffective for (1) giving petitioner bad advice regarding the terms of his plea agreement; (2) failing to argue against the role in the offense enhancement, the loss of acceptance of responsibility reduction, and the loss of the 5k1.1 motion; and, (3) failing to object to the exclusion of two of petitioner's prior convictions.

## COURT'S DISCUSSION

To prove ineffective assistance of counsel, petitioner must satisfy the dual standards of Strickland v. Washington, 466 U.S. 668 (1984). First, petitioner must show that counsel's performance was deficient in that it fell below the standard of reasonably effective assistance. Id. at 687-91. In making this determination, there is a strong presumption that counsel's conduct was within the wide range of reasonable professional assistance. Id. at 689. Second, petitioner "must show that there is a reasonable

3

probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.

The court finds that petitioner's motion is without merit for the reasons stated in the government's memorandum in support of its motion to dismiss as well as for the reasons below.

As to his claim that his attorney misled him in regards to the plea agreement and the reduction for acceptance of responsibility and his likelihood of receiving a 5k1.1 motion from the government, these arguments are without merit. The court warned petitioner that he may lose the acceptance reduction if he continued to frivolously deny the extent of his criminal involvement, and petitioner made the knowing decision to proceed. Furthermore, petitioner raised these same allegations of being misled into pleading guilty when he moved to withdraw his plea. The court found no merit to these allegations at that time.

Petitioner next argues that his counsel was ineffective for failing to argue against the role in the offense enhancement, the loss of acceptance of responsibility reduction, and the loss of the 5k1.1 motion. As the record reflects, petitioner's counsel successfully argued for a one-point reduction in the leadership role enhancement. Additionally, as stated previously, petitioner's lost

4

his acceptance of responsibility reduction because he continued to frivolously deny the extent of his criminal involvement, even after being warned by the court of the consequences. A motion for downward departure under 5k1.1 lies solely within the government's discretion and the plea agreement specifically stated that the government was not promising to move for departure under 5k1.1. Furthermore, the government provided a legitimate basis for its decision to withdraw the motion.

Finally, petitioner alleges his counsel was ineffective for failing to object to the exclusion of two of petitioner's prior convictions in the calculation of his criminal history. Petitioner has not pled any facts showing that defense counsel was in a position to make a plausible objection to the counting of these prior convictions, much less that counsel's performance fell to the level of being constitutionally deficient.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss is GRANTED and petitioner's § 2255 motion is DISMISSED. The clerk is directed to close this case.

A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2000). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an

5

assessment of the constitutional claims is debatable and that any dispositive procedural ruling dismissing such claims is likewise debatable. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 *(2000)*; Rose v. Lee, 252 F.3d 676,683-84 (4th Cir. 2001). A reasonable jurist would not find this court's dismissal of petitioner's § 2255 motion debatable. Therefore, a Certificate of Appealability is DENIED.

This 15th day of November 2013.

*/s/ Malcolm J. Howard*
Malcolm J. Howard
Senior United States District Judge

At Greenville, NC
#26